# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ABF FREIGHT SYSTEM INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 06-421-CV-W-FJG |
| ) | |
| KENDALL HOLLINGSHEAD, ) | |
| ) | |
| Defendant. ) | |

## ORDER

## CONSENT PERMANENT INJUNCTION

This matter, having come before the Court on the stipulation of Plaintiff ABF Freight System, Inc. and Defendant Kendal Hollingshead (collectively, the "Parties") that they have agreed on the bases for entry of a permanent injunction and:

WHEREAS, Hollingshead was employed by ABF as a sales representative from September 1998 through May 9, 2006, and, during that period, Hollingshead was permitted access to ABF's confidential customer information for purposes of serving those customers for which Hollingshead was responsible in connection with his job responsibilities at ABF;

WHEREAS, ABF has taken great pains to maintain the secrecy of its customer information, which it considers a trade secret, and which ABF contends affords ABF a significant advantage over its competitors and constitutes an important and valuable asset to the company;

WHEREAS, Hollingshead executed and agreed to abide by confidentiality agreements provided by ABF as a condition of his employment;

WHEREAS, Hollingshead accessed confidential customer information – including customer contact, tariff, shipment and pricing information – for customers and territories that were outside the scope of his employment and in a manner inconsistent with legitimate business purposes and his responsibilities under ABF's Code of Conduct and Communications Systems Acceptable Usage Policy;

WHEREAS, ABF has brought suit against Hollingshead before this Court to protect its rights and this confidential information, including by seeking preliminary and permanent injunctive relief (the "Litigation");

WHEREAS, the Parties were prepared to dispute the preliminary injunctive relief that ABF sought against Hollingshead;

WHEREAS, Hollingshead has represented and warranted that he has no ABF confidential information in his possession, custody or control, he has not retained any copies of ABF's confidential information, he has not shared any of ABF's confidential information with any person or entity (with the exception of his legal counsel Lathrop & Gage), and he has not used for any purpose any of ABF's confidential information except in connection with his employment at ABF; and ABF has reasonably relied upon these representations in entering into this Consent Permanent Injunction;

WHEREAS, Hollingshead is represented by legal counsel of his choice, and has read and understands his obligations under this Consent Permanent Injunction;

2

WHEREAS, the Parties have agreed to the entry of an order of injunction to avoid the time and expense of further litigation, and have stipulated to the dismissal with prejudice of the Litigation, provided that this Court retain jurisdiction for the sole purpose of resolving any subsequent disputes regarding violation of this Consent Permanent Injunction;

WHEREAS, for purposes of this Consent Permanent Injunction, the term ABF shall mean and refer to Plaintiff ABF Freight System, Inc., its parents, subsidiaries, divisions and affiliates, as well as their employees, officers, directors, agents, consultants and contractors;

WHEREAS, for purposes of this Consent Permanent Injunction, the term HOLLINGSHEAD shall mean and refer to Defendant Kendal Hollingshead, and all other persons acting for, under, on behalf of and/or in concert or participation with HOLLINGSHEAD;

WHEREAS, for purposes of this Consent Permanent Injunction, the term ABF CONFIDENTIAL INFORMATION shall mean and refer to ABF's records, in electronic or printed form, that describe or reflect ABF's customer lists and/or its actual or proposed pricing, tariffs, revenues, costs, customer history, discounts, and/or profits for services provided to customers. For purposes of settlement and this Consent Permanent Injunction, HOLLINGSHEAD and ABF agree that ABF CONFIDENTIAL INFORMATION constitutes a trade secret under the Missouri Uniform Trade Secrets Act;

And the Court finding good cause,

IT IS HEREBY ORDERED, ADJUDICATED, AND DECREED that:

1. HOLLINGSHEAD and ABF stipulate that this Court has jurisdiction over all of the Parties, and over the subject matter of this action. Upon entry of this Consent Permanent Injunction by the Court, the Litigation shall be dismissed with prejudice, with each party bearing his or its own costs and fees, and with the Court retaining jurisdiction for the sole purpose of resolving any subsequent disputes regarding violation of this Consent Permanent Injunction.

2. HOLLINGSHEAD and ABF stipulate that, solely with respect to employment references directed to ABF's Human Resources Department regarding HOLLINGSHEAD's employment at ABF, ABF's Human Resources department will make its best efforts to provide only HOLLINGSHEAD's job title(s) and service dates with ABF. This Paragraph should not otherwise be interpreted to limit the right and ability of ABF to discuss the Litigation or this Injunction and the surrounding circumstances.

3. HOLLINGSHEAD is hereby permanently enjoined and restrained from: (a) using any ABF CONFIDENTIAL INFORMATION, including, without limitation, in connection with any employment or customer solicitations; (b) sharing any ABF CONFIDENTIAL INFORMATION with any person or entity (with the exception of his legal counsel Lathrop & Gage, which agrees not to share this information with any person or entity); © attempting to access or acquire ABF CONFIDENTIAL INFORMATION from any source; and/or (d) contacting any ABF employees for purposes of (I) acquiring ABF CONFIDENTIAL INFORMATION, (ii) persuading ABF employees to breach their duties of confidentiality to ABF, or (iii) communicating in any way about this lawsuit.

4. Having admitted to accessing ABF CONFIDENTIAL INFORMATION relating to certain customers listed in Exhibit A hereto, HOLLINGSHEAD shall not solicit or do business with any of ABF's customers listed in Exhibit A for a period of three (3) years after the entry of this Consent Permanent Injunction (the "Time Period"). Pursuant to the confidentiality agreement entered into by the Parties, Exhibit A shall not be filed with this Court and shall be maintained in confidentiality by the Parties' attorneys. HOLLINGSHEAD represents and warrants that he shall not share Exhibit A or any of the information contained therein with any other person or entity. In the event that HOLLINGSHEAD is requested to solicit or otherwise communicate with a customer listed in Exhibit A during the Time

4

Period, HOLLINGSHEAD will inform the requesting person or entity that he is barred from doing so by a signed confidentiality agreement.

5. HOLLINGSHEAD has sworn, under oath and penalty of perjury, to the following material terms, as set forth in Exhibit B hereto, which is part of the material consideration for ABF foregoing monetary damages and additional claims against HOLLINGSHEAD and made an explicit part of this Consent Permanent Injunction: (a) HOLLINGSHEAD has delivered to ABF all ABF CONFIDENTIAL INFORMATION in his possession, custody, or control; (b) HOLLINGSHEAD has not retained any copies of ABF CONFIDENTIAL INFORMATION; © HOLLINGSHEAD has not shared any ABF CONFIDENTIAL INFORMATION with any person or entity with the exception of his counsel Lathrop & Gage, who separately agrees to maintain any ABF CONFIDENTIAL INFORMATION, including Exhibit A, confidential; and (d) HOLLINGSHEAD has not used any ABF CONFIDENTIAL INFORMATION for any purpose other than his job responsibilities for ABF.

6. Violation of this Consent Permanent Injunction by HOLLINGSHEAD shall entitle ABF to all damages and remedies as this Court deems just and equitable. Violation of this Consent Permanent Injunction further entitles ABF to an award of attorneys' fees and costs incurred after the entry of this Order to enforce this Consent Permanent Injunction.

Date: July 17, 2006  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN JR.**  
Fernando J. Gaitan Jr.  
United States District Judge